REQUESTED BY: Senator Chris Abboud Nebraska State Legislature 1519 State Capitol Lincoln, Nebraska 68509
Dear Senator Abboud:
You have submitted to us a proposed constitutional amendment, and have asked our opinion as to its constitutional validity. While the proposed amendment is quite long, we will quote it in full, because we do not feel we understand it well enough to try to summarize it. It reads:
 The governor and the legislators and officials of the State of Nebraska are prohibited from approving legislation or issuing directives which result in general fund expenditures in excess of revenues collected by the state. Those revenues shall include all taxes, fees, franchise fees and other charges made by the authority of the Legislature. The governor and state legislators are prohibited from increasing expenditures by the State of Nebraska in any fiscal year over the amount spent in the prior year when the average income of Nebraska residents increases; the increase in such a fiscal year may increase at a rate of one-half that of the average personal percapita (sic) income except that the maximum increase shall be no more that (sic) 5% in a single fiscal year. The average per capita income data shall be derived from published official reports of the U.S. Department of Commerce or successor agency, and the figure to be used in 1984 shall be the latest published data nearest the convening of the Legislature in 1985 and shall be of the same data in succeeding years. Revenues collected in excess of limits stipulated in this amendment shall be escrowed by the State Treasurer and retained as receipts for the next following fiscal year, and tax rates, fees and other charges shall be adjusted to reflect the escrowed amount as to revenue collection in the year of appropriation. Transfers in spending authority between the state and subdivisions of the state shall require equal and concurrent adjustments in levying authority and of the budget or appropriation level, and no transfers are permitted until the required implementing legislation is in effect. The provisions of this amendment may be set aside for a single fiscal year upon the public declaration of a fiscal emergency, a public hearing following public notice and an approving vote of not less that (sic) four-fifths of the membership of the State Legislature. The members of the State Legislature are required to enact legislation and rules of the legislature as the first order of business in the first session of the legislature following voter approval of this amendment. The Attorney General of the state shall initiate action to enforce the provisions of this amendment. This amendment shall become effective July 1, 1985.
Since we are dealing with a proposed constitutional amendment, somewhat different ground rules apply than if we were dealing with a statute. A conflict with another provision of the Nebraska Constitution would not ordinarily be enough to invalidate it, since the amendment, if adopted, would stand on an equal footing with other constitutional provisions.
Nevertheless, a constitutional amendment may be invalid if it conflicts with the United States Constitution, as was established by State ex rel. Douglas v. State Board ofEqualization and Assessment, 205 Neb. 130, 286 N.W.2d 729
(1979). It is also possible that the court might invalidate an amendment if it were in irreconcilable conflict with some other constitutional provision which the court regarded as absolutely fundamental to the operation of our system of government, although the court would probably try to base its holding on some federal constitutional provision.
A fundamental requirement of a statute is that it not be vague and uncertain. In State ex rel. Douglas v.Herrington, 206 Neb. 516, 294 N.W.2d 330 (1980), the court said that the established test for vagueness in a statute is whether it either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.
We realize that the above case, and other Nebraska cases reciting the same rule, were speaking of statutes, not constitutional provisions. However, the United States Supreme Court has found statutes void for vagueness in violation of the federal constitution, presumably the due process clause. See, Whitehall v. Elkins, 389 U.S. 54,19 L.Ed.2d 228, 88 S.Ct. 184 (1967). We do not believe that court would hold that the states could violate the federal constitution by a provision in a state constitution which would be void if found in a statute.
There are several areas in the amendment that we, at least, don't understand. What does the first sentence mean? Appropriations by the Legislature, not the `legislators,' the Governor, or officials of the state, result in expenditures from the general fund.
Is it intended to prohibit the Governor from signing an appropriation bill which would increase appropriations beyond the limits prescribed? Does it require him to veto it? What would be the result of his simply doing nothing for five days, as provided by Article IV, Section 15 of the Constitution, thereby allowing it to become law without his signature? If an appropriation is made in excess of the limits imposed, are `officials of the state' prohibited from spending it? None of these questions is answered.
The third sentence prohibits the Governor and `legislators' from increasing expenditures in any fiscal year over the amount spent in the prior year `when the average income of Nebraska residents increases.' (Emphasis supplied.) We find no similar provision for years in which the average income of Nebraska residents decreases. Presumably, there is to be no limit on increased expenditures in such a year.
With respect to the provision about transfers in spending authority between the state and its subdivisions, we simply don't understand it. Perhaps it is a defect in our understanding, rather than a defect in the wording of the amendment, but we have no idea what it means.
The amendment also provides that `The members of the State Legislature are required to enact legislation . . . in the first session . . . following voter approval of the amendment.' The Attorney General is required to initiate action to enforce the provisions of the amendment. What if the Legislature does not do so? The court would probably hold it was a violation of the doctrine of separation of powers for it to try to mandamus the Legislature, or the individual members thereof, to enact legislation. We believe such a provision to be completely unenforceable.
We believe the amendment would require considerable clarification before it could be successfully defended or enforced.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Ralph H. Gillan Assistant Attorney General